**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO.: 26-26676-CV-WILLIAMS**

PEDRO JOSE ORTA-DE LA HOZ,

Petitioner,

v.

WARDEN, KROME SERVICE PROCESSING CENTER, *et al.*,

Respondents.
_______________________________________/

## ORDER

**THIS MATTER** is before the Court on the Petition for Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2241 ("***Petition***") by Petitioner Augusto Laza Cuesta ("***Petitioner***") (DE 1).[1] Petitioner claims his prolonged detention since May 17, 2026 is unlawful and seeks an Order from the Court directing that immigration officials immediately release him from custody with or without a bond hearing. (*Id*. at 6-7.) The Petition is uncontroverted. Respondent failed to file a Response as ordered by the Court and failed to request an extension of time to do so.[2] Accordingly, For the reasons set forth below, the Petition is **GRANTED**.

---

[1] Unless otherwise noted, the Court relies on the pagination generated by the Case Management/Electronic Case Files ("CM/ECF") system, which appears in the header on all filings. Citations to the specific docket entry in this case are designated "(DE ___)."

[2] The Court notes that § 2241 requires that a response to the Petition be filed within three days, but the Court *sua sponte* extended the time for the Respondent to file a response to five days. The response was due on or before September 29, 2026 and it is now eight days late. This is sufficient to find Respondent in default and grant the Petition as a sanction. Nonetheless, the Court has addressed the merits of the Petition.

## I. FACTUAL BACKGROUND

Petitioner is a native and citizen of Cuba who was taken into immigration custody on May 17, 2026. (DE 1-2 at 2.) Petitioner does not dispute that a final order of removal was entered on January 16, 2018. (*Id.*) In April 2018, Petitioner states he was released from immigration custody pursuant to an Order of Supervision ("***OSUP***"). (*Id.*) On May 17, 2026, Petitioner claims he "voluntarily traveled from Miami, Florida to Havana, Cuba, with his wife, Diomari Diaz Baker." (*Id.*) Upon his arrival in Cuba, Petitioner explains that Cuban officials refused him entry into the country and returned him to the United States that day. (*Id.*) On that same date, after arriving in the United States, Petitioner claims he was taken into immigration custody. (*Id.*)

On September 24, 2026, while confined at the Federal Detention Center ("***FDC***") in Miami, Florida, Petitioner filed the Petition presently before the Court seeking release from immigration custody. (DE 1). On September 24, 2026, the Court entered an Order prohibiting Petitioner's from being transferred or removed from his current place of detention until further order of the Court and required the Respondents to file a response to the Petition within five days. (DE 4). Respondents have not complied with the Court's Order, having failed to file a response or an extension of time to do so.

## II. LEGAL STANDARD

District courts have the authority to grant writs of habeas corpus. *See* 28 U.S.C. § 2241(a). Habeas corpus is fundamentally "a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citation omitted). A writ may be issued to a petitioner who demonstrates that he is being held in custody in violation of the Constitution or federal law. *See* 28 U.S.C. § 2241(c)(3). The Court's jurisdiction extends to challenges

involving immigration-related detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III. DISCUSSION

The following allegations are uncontroverted. Petitioner claims that his continued detention is unlawful under *Zadvydas* and violates the limits set by the Supreme Court on § 1231(a)(6) detentions. (DE 1). Although Petitioner acknowledges that the six-month presumptively reasonable period has not expired, Petitioner argues that removal is not reasonably foreseeable given that Cuba does not accept repatriation of Cuban nationals, and, in fact, refused to allow him entry into the country in May 2026. (DE 1-1.) Petitioner explains that he traveled to Cuba with the intent to "remain there," but Cuba refused to allow him entry.[3] (DE 1-3 at 25.) Therefore, Petitioner maintains his removal to Cuba is unlikely.[4] (DE 1-2.)

Further, it is unlikely that Petitioner will agree to removal to Mexico or another third country. It is well settled that, after entry of a final removal order against a noncitizen, the Government must secure the noncitizen's removal during a ninety-day removal period. *Johnson v. Arteaga-Martinez*, 596 U.S. 573, 578 (2022) (quoting 8 U.S.C. § 1231(a)(1)(A)). Once that "removal. Period expires, the Government 'may' detain only four categories of people: (1) those who are 'inadmissible' on certain specified grounds; (2) those who are 'removable' on certain specified grounds; (3) those it determines 'to be

[3] Petitioner's wife has provided a declaration stating she did not return to the United States with her husband and remained in Cuba until May 18, 2026. (DE 1-3 at 27.)

[4] Petitioner also states that his wife is a U.S. citizen, he has adult children residing in the United States and has a residence available to live with his wife upon his release. (DE 1-3 at 25.)

a risk to the community'; and (4) those it determines to be 'unlikely to comply with the order of removal.'" *Id.* at 578–79 (quoting 8 U.S.C. § 1231(a)(6)). However, "Section 1231(a)(6) does not expressly specify how long detention past the 90-day removal period may continue for those who fall within the four designated statutory categories." *Id.* at 579. And, "indefinite detention" raises "serious constitutional concerns." *Zadvydas*, 533 U.S. at 682. Thus, the Supreme Court has "construe[d] the statute to contain an implicit 'reasonable time' limitation" of six months, "the application of which is subject to federal-court review." *Id.* "This 6-month presumption, of course, does not mean that every alien not removed must be released after six months." *Id.* at 701. "To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* However, 'once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.*

Thus, in order to state a *Zadvydas* claim, Petitioner "not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002). If Petitioner provides such evidence, the burden shifts to the Government to provide evidence sufficient to rebut that showing. *Id.* (quoting *Zadvydas*, 533 U.S. at 701).

As of the filing of this Petition, Petitioner has been in immigration custody since May 17, 2026, over four months, which is almost but not quite beyond the presumptively

reasonable period contemplated by *Zadvydas.* Nonetheless, the Court considers whether Petitioner has shown that removal is unlikely within the reasonably foreseeable future.

In 2018, Petitioner was ordered removed from the United States to Cuba. Given Cuba's refusal to accept him into the country in May 2026, Petitioner maintains that his removal there is unlikely. Petitioner does not state and the record does not establish that Petitioner has thwarted any removal efforts. To the contrary, Petitioner attempted to voluntarily depart to Cuba but he was refused entry and returned to the United States.

It is well established that Cuba is a communist country which is not accepting repatriation of Cuban nationals from the United States. It is true that Cuba "'has historically refused to accept back its removable nationals.'" *See Martinez v. Parra*, No. 1:26-cv-24255-BB (S.D. Fla. Aug. 11, 2026) (DE 10 at 9) (quoting White House, Presidential Actions, *Restricting the Entry of Foreign Nationals to Protect the United States from Foreign Terrorists and Other National Security and Public Safety Threats*, June 4, 2025, https://www.whitehouse.gov/presidentialactions/2025/06/restricting-the-entry-of-foreign-nationals-to-protect-the-united-states-from-foreign-terrorists-and-other-national-security-and-public-safety-threats/ (last accessed Aug. 4, 2026)). Here, Petitioner has reasonably demonstrated that his removal to Cuba is not likely in the reasonably foreseeable future.

Even, if Respondent attempts to remove him to Mexico or another country, "nowhere on the record is there a concrete removal plan, evidence of communications with Mexico or efforts to obtain travel documents, evidence that Mexico has agreed to accept Petitioner, or even an articulation of ongoing steps toward effectuating removal." *Id.* Further, "there is evidence that Mexico's acceptance of a Cuban national may be

contingent upon the individual's agreement to go there," and, there is nothing in the record demonstrating that Petitioner has agreed to being removed to Mexico. *See Id.* (citing *Sanchez v. Bondi*, No. C25-2573-KKE, 2026 WL 160882, at 3–4 (W.D. Wash. Jan. 21, 2026) (noting that Mexico's conditional acceptance casted doubt on Respondent's ability to remove the petitioner). Accordingly, Petitioner has demonstrated that his removal is not likely in the reasonably foreseeable future, so the burden now shifts to the Government to rebut that showing. Respondents have not done so here. Respondents have failed to comply with the Court's Order and, therefore, Petitioner's allegations are unrefuted.

Generally, where a petitioner "'acts to prevent [his] removal'" by "challeng[ing] issues related to his removal order and his post-removal period detention," the 180-day removal period may be tolled. *Akinwale*, 287 F.3d at 1052 n.4 (quoting 8 U.S.C. § 1231(a)(1)(C)); *see also Guo Xing Song v. U.S. Att'y Gen.*, 516 F. App'x 894, 899 (11th Cir. 2013) ("The six-month period is tolled, however, if the alien acts to prevent his removal."). Where, as here, a petitioner demonstrates that his removal is not reasonably foreseeable because there is no evidence that the receiving countries will accept him, tolling of the removal period is unwarranted. *Zadvydas*, 533 U.S. at 701. "Here, too, there is no evidence of previous communications with Mexico or a plan for removal to Mexico. Respondents do not even argue that 'necessary travel documents have been sought—let alone obtained—for any country." *Martinez*, No. 1:26-cv-24255-BB (S.D. Fla. Aug. 11, 2026) (DE 10 at 11) (quoting *Torres v. Warden, Fla. Soft Side S. Det. Facility*, No. 2:26-cv-1141-JES-NPM, 2026 WL 1993262, at *2 (M.D. Fla. July 10, 2026)).

Petitioner does not contest that he is subject to a final order of removal. Moreover, Respondents have not identified any actions taken by Petitioner that actually impeded a legitimate effort to secure travel documents or an agreement from a third country demonstrating their willingness to accept Petitioner. "The crux of the 'thwarting removal' analysis is whether the 'keys' to Petitioner's freedom are in his pocket—whether ICE would likely be able to effectuate his removal if Petitioner would simply cooperate." *See Massip Varela v. Warden, Fla. Soft-Sided Facility*, No. 2:26-cv-01700-SPC-KRH, 2026 WL 1596220, at *2 (M.D. Fla. June 4, 2026)). (DE 10 at 12) (quoting *Singh v. U.S. Att'y Gen.*, 945 F.3d 1310, 1314 (citation omitted)). Here, this is no evidence to support a finding that Petitioner holds the keys to some legitimate removal effort that he interfered with. *Id.* (DE 12 at 6–8). Ultimately, Respondents have not demonstrated that a third country has agreed to accept Petitioner or that it will likely do so soon. Accordingly, the Court finds Petitioner is entitled to release under *Zadvydas*. If, however, removal becomes likely in the reasonably foreseeable future, ICE can detain Petitioner to "assur[e] [his] presence at the moment of removal." *Zadvydas*, 533 U.S. at 580.

## IV. CONCLUSION

Accordingly, after review of the Petition, the Response, pertinent portions of the record, and applicable authorities, it is

**ORDERED** and **ADJUDGED** as follows:

1. The Petition (DE 1) is **GRANTED**.
2. Respondent shall **IMMEDIATELY** release Petitioner from custody on conditions of supervision pursuant to 8 U.S.C. § 1231(a)(3).

3. Respondent shall file a notice with the Court within 48 hours confirming and detailing their compliance with this Order.

4. All pending motions not otherwise ruled upon are **DENIED as moot.**

**DONE AND ORDERED** in Chambers in Miami, Florida, this 7th day of October, 2026.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**

**Pedro Jose Orta-De La Hoz, *Pro Se***
Alien # 072068517
Federal Detention Center-Miami
Inmate Mail/Parcels
P.O. Box 019120
Miami, FL 33101

**United States Attorney**
Noticing 2241/Bivens US Attorney
Email: usafls-2255@usdoj.gov

**U.S. Immigration and Naturalization Services Attorney**
Noticing INS Attorney
Email: usafls-immigration@usdoj.gov